IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

| Kimely Burson Rivers, | ) Civil Action No.: 0:18-1249-BHH |
|---|---|
| Plaintiff, | ) |
| v. | ) **ORDER** |
| Andrew Saul,<br>Commissioner of Social Security,[1] | ) |
| Defendant. | ) |

This is an action brought pursuant to 42 U.S.C. § 405(g) seeking judicial review of the Commissioner of Social Security's ("Commissioner") final decision, which denied Plaintiff Kimely Burson Rivers's ("Plaintiff") claim for disability insurance benefits ("DIB") and supplemental security income ("SSI"). The record includes the report and recommendation ("Report") of United States Magistrate Judge Paige J. Gossett, which was made in accordance with 28 U.S.C. § 636 (b)(1)(B) and Local Civil Rule 73.02(B)(2)(a) (D.S.C.).

In her Report, the Magistrate Judge recommends that the Court affirm the Commissioner's final decision. Plaintiff filed objections to the Report, to which the Commissioner filed a response. *See* 28 U.S.C. § 636(b)(1) (providing that a party may object, in writing, to a Magistrate Judge's Report within 14 days after being served a copy). For the reasons stated below, the Court adopts the Magistrate Judge's Report and overrules Plaintiff's objections.

---

[1] Andrew Saul is now the Commissioner of Social Security and is automatically substituted as a party pursuant to Fed. R. Civ. P. 25(d). *See also* the Social Security Act, 42 USC § 405(g) (explaining action survives "notwithstanding any change in the person occupying the office of Commissioner of Social Security").

**BACKGROUND**

Plaintiff filed applications for DIB and SSI on April 15, 2014, alleging a disability onset date of April 4, 2014. Her application was denied initially and upon reconsideration. Plaintiff requested a hearing before an administrative law judge ("ALJ"), which was held on February 10, 2017.[2] On May 10, 2017, the ALJ issued a decision denying Plaintiff's claim. The Appeals Council denied Plaintiff's request for review, thereby rendering the ALJ's decision the Commissioner's final decision for purposes of judicial review. Plaintiff filed this action seeking judicial review on May 7, 2018.

**STANDARDS OF REVIEW**

**I.  The Magistrate Judge's Report**

The Court conducts a *de novo* review to those portions of the Report to which a specific objection is made, and this Court may accept, reject, or modify, in whole or in part, the recommendations contained in the Report. 28 U.S.C. § 636(b)(1). Any written objection must specifically identify the portion of the Report to which the objection is made and the basis for the objection. *Id.*

**II. Judicial Review of a Final Decision**

The federal judiciary plays a limited role in the administrative scheme as established by the Social Security Act. Section 405(g) of the Act provides that "[t]he findings of the Commissioner of Social Security, as to any fact, if supported by substantial evidence, shall be conclusive . . . ." 42 U.S.C. § 405(g). "Consequently, judicial review . . . of a final decision regarding disability benefits is limited to determining whether the findings are

---

[2] Plaintiff was unable to appear at the hearing due to transportation issues. Her attorney representative appeared without her.

supported by substantial evidence and whether the correct law was applied." *Walls v. Barnhart*, 296 F.3d 287, 290 (4th Cir. 2002). "Substantial evidence" is defined as:

> evidence which a reasoning mind would accept as sufficient to support a particular conclusion. It consists of more than a mere scintilla of evidence but may be somewhat less than a preponderance. If there is evidence to justify a refusal to direct a verdict were the case before a jury, then there is "substantial evidence."

*Shively v. Heckler*, 739 F.2d 987, 989 (4th Cir. 1984) (quoting *Laws v. Celebrezze*, 368 F.2d 640, 642 (4th Cir. 1966)). In assessing whether substantial evidence exists, the reviewing court should not "undertake to re-weigh conflicting evidence, make credibility determinations, or substitute [its] judgment for that of" the agency. *Mastro v. Apfel*, 270 F.3d 171, 176 (4th Cir. 2001) (alteration in original).

## DISCUSSION

### I. The Commissioner's Final Decision

The Commissioner is charged with determining the existence of a disability. The Social Security Act, 42 U.S.C. §§ 301-1399, defines "disability" as the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months . . . ." 42 U.S.C. § 423(d)(1)(A). This determination involves the following five-step inquiry:

> [The first step is] whether the claimant engaged in substantial gainful employment. 20 C.F.R. § 404.1520(b). If not, the analysis continues to determine whether, based upon the medical evidence, the claimant has a severe impairment. 20 C.F.R. § 404.1520(c) If the claimed impairment is sufficiently severe, the third step considers whether the claimant has an impairment that equals or exceeds in severity one or more of the impairments listed in Appendix I of the regulations. 20 C.F.R. § 404.1520(d); 20 C.F.R. Part 404, subpart P, App. I. If so, the claimant is disabled. If not, the next

inquiry considers if the impairment prevents the claimant from returning to past work. 20 C.F.R. § 404.1520(e); 20 C.F.R. § 404.1545(a). If the answer is in the affirmative, the final consideration looks to whether the impairment precludes that claimant from performing other work.

*Mastro*, 270 F.3d at 177 (citing 20 C.F.R. § 416.920).

If the claimant fails to establish any of the first four steps, review does not proceed to the next step. *Hunter v. Sullivan*, 993 F.2d 31, 35 (4th Cir. 1993). The burden of production and proof remains with the claimant through the fourth step. Then, if the claimant successfully reaches step five, the burden shifts to the Commissioner to provide evidence of a significant number of jobs in the national economy that the claimant could perform, taking into account the claimant's medical condition, functional limitations, education, age, and work experience. *Walls*, 296 F.3d at 290.

At step one, the ALJ found that Plaintiff had not engaged in substantial gainful activity since April 4, 2014, the alleged onset date. Next, the ALJ determined that Plaintiff has severe impairments of status post breast cancer and neuropathy. The ALJ found, however, that Plaintiff does not have an impairment or combination of impairments that meet or medically equal the severity of one of the listed impairments in 20 C.F.R. Part 404, Subpart P, Appendix 1. With regard to residual functional capacity ("RFC"), the ALJ found that Plaintiff could perform sedentary work as defined in 20 C.F.R. §§ 404.1567(a) and 416.967(a), except that Plaintiff should not climb or crawl, should only occasionally crouch and stoop, and should avoid any exposure to hazards. The ALJ found that Plaintiff was capable of performing her past relevant work as a payroll clerk and that such work does not require Plaintiff to perform work-related activities precluded by her RFC. Accordingly, the ALJ concluded that Plaintiff was not under a disability as defined in the Social Security Act.

## II. The Court's Review[3]

In this action, Plaintiff contends (1) that the ALJ's assessment of her physician's opinion is not supported by substantial evidence and is not based on the proper legal framework, and (2) that the ALJ's assessment of her subjective complaints is similarly not supported by substantial evidence and is not based on the proper legal framework. The Magistrate Judge evaluated both claims in her Report and found them to be without merit.

### A. The Treating Physician Rule

Plaintiff first takes issue with the ALJ's decision to attribute only partial weight to the opinion rendered by Plaintiff's treating oncologist, Majd Chahin, M.D.. On March 30, 2015, Dr. Chahin completed a post cancer treatment medical source statement in which he reported that Plaintiff suffers from neuropathy and side effects of certain medications. He opined in relevant part that Plaintiff can sit for two or more hours at a time and can stand for 35 minutes at a time, but cannot walk a city block and cannot work an eight-hour day. He further opined that Plaintiff requires breaks as a result of pain and arthralgia and that she would be absent from work approximately four days a month.

Pursuant to 20 C.F.R. § 404.1527(c), the Commissioner will evaluate every medical opinion received and will accord greater weight to the opinion of treating medical sources because treating physicians are best able to provide "a detailed, longitudinal picture" of a claimant's alleged disability. However, the opinions of treating physicians are not

---

[3] As the Magistrate Judge noted, numerous Social Security regulations and Social Security Rulings have changed effective March 27, 2017. However, these changes specifically state that they apply to claims filed on or after March 27, 2017. *See, e.g.,* 20 C.F.R. §§ 404.1513, 404.1527. Because the instant claim was filed before March 27, 2017, all references are to the prior versions of the regulations in effect when Plaintiff filed her application for benefits, unless otherwise specified.

necessarily entitled to controlling weight. *Hunter v. Sullivan*, 993 F.2d 31, 35 (4th Cir. 1992). As the Magistrate Judge correctly noted, where the opinion of a treating physician is not accorded controlling weight, the Commissioner must weigh the opinion pursuant to a broad range of factors, "including the examining relationship, the nature and extent of the treatment relationship, supportability of the opinions in the medical record, consistency, and whether the treating physician was a specialist." *Johnson v. Barnhart*, 434 F.3d 650, 654 (4th Cir. 2005) (citing 20 C.F.R. § 404.1527). "[I]f a physician's opinion is not supported by clinical evidence or if it is inconsistent with other substantial evidence, it should be accorded significantly less weight." *Mastro*, 270 F.3d at 178.

In her Report, the Magistrate Judge "agree[d] that the ALJ's evaluation of Dr. Chahin's opinion could have been more detailed," but found that "viewing the ALJ's decision as a whole, the ALJ sufficiently explained his reasons to permit review and [to] buil[d] a sufficient 'accurate and logical bridge from the evidence to his conclusion.'" (ECF No. 21 at 7). In so finding, the Magistrate Judge relied on the following comment offered by the ALJ:

> The medical evidence indicates the claimant was initially prescribed Gabapentin with little relief. However, she began pain management treatment with David Rowe, M.D. and was taking Tramadol, Gabapentin, and MS04 with improvement of pain. Treatment records indicate the claimant reported that her current medication regimen provides reasonable pain control and increased mobility.

(*Id.* at 8 (citations omitted)). The Magistrate Judge concluded that "although the records suggest limitations stemming from [Plaintiff's] neuropathy, in light of the improvement documented in more recent treatment records, the court cannot say that the ALJ's decision

6

to give Dr. Chahin's opinion partial weight is unsupported by substantial evidence."[4]  *Id.*

Plaintiff objects that neither the ALJ nor the Magistrate Judge mentioned the following parts of the medical record, which reference "other effects of her chemotherapy-induced neuropathy":

- Hyperpathia to distal extremities (increased sensation of pain in response to a normally innocuous stimulus, such as touch) with respect to right and left arms (Tr. at 497);

- Antalgic gait, walking is painful (Tr. at 496);

- Prescription for a rolling walker (Tr. at 524);

- Pain and weakness in fingertips that causes Plaintiff to drop items (Tr. at 537);

- Difficulty walking due to pain (Tr. at 537);

- Continued numbness and decreased sensation in hands and feet, notwithstanding some pain relief achieved with morphine (Tr. at 569);

- Experienced pain ranging from 5/10 to 9/10, notwithstanding some relief achieved with morphine (Tr. at 569, 572);

- Doctor expressed concern in May 2016 regarding Plaintiff's "current grade II-III neuropathy (Tr. at 582);

---

[4] The ALJ also commented that Dr. Chahin did not know if Plaintiff's limitations would persist for twelve months or longer.  Plaintiff objects that the ALJ did not raise that point in his decision and therefore the Magistrate Judge cannot rely on it as justification.  The Court agrees and will not consider that basis in its review of the Report.  *See Bray v. Comm'r of Social Security Admin.*, 554 F.3d 1219, 1225-26 (9th Cir. 2009) ("Long-standing principles of administrative law require us to review the ALJ's decision based on the reasoning and factual findings offered by the ALJ—not post hoc rationalizations that attempt to intuit what the adjudicator may have been thinking") (citing *SEC v. Chenery Corp.*, 332 U.S. 194, 196 (1947) ("[I]n dealing with a determination or judgment which an administrative agency alone is authorized to make, [courts] must judge the propriety of such action solely by the grounds invoked by the agency. If those grounds are inadequate or improper, the court is powerless to affirm the administrative action by substituting what it considers to be a more adequate or proper basis").

- Lymphedema in arm, which continued to cause arm, shoulder, and chest pain, and required Plaintiff to wear compression garments (Tr. at 613).

(ECF No. 22 at 2). In sum, Plaintiff asserts that the ALJ failed to consider the limitations caused by hyperpathia, along with continued weakness and numbness experienced in her fingers and pain in her feet.

However, as the Magistrate Judge noted, review of the record reflects that the ALJ addressed these conditions in arriving at his determination that Plaintiff's "current medication regimen provides reasonable pain control and increased mobility":

> Treatment notes from the claimant's oncologist from August 11, 2016 indicate the claimant developed postmastectomy lymphedema syndrome. The claimant underwent rehabilitative therapy and treatment notes from September 22, 2016 indicate the claimant reported that her arm feels better and is near normal and she is ready to be measured for compression garments.
>
> The medical evidence of record further reveals the claimant developed neuropathy in her hands and feet subsequent to chemotherapy and radiation treatments. The claimant reported numbness involving all fingers and her forefoot with associated symptoms of tingling and burning, as well as pain when walking. Motor nerve studies revealed sensory-predominant polyneuropathy in the arms and legs with axonal features. Neurology treatment records indicate the claimant had hyperpathia, an antalgic gait, and she arose from the chair with mild postural instability. The claimant's neurologist, Norman Bettle, M.D., prescribed a rolling walker noting diagnoses of abnormal gait and chemotherapy induced neuropathy. The medical evidence indicates the claimant was initially prescribed Gabapentin with little relief. However, she began pain management treatment with David Rowe, M.D. and was taking Tramadol, Gabapentin, and MS04 with improvement of pain. Treatment records indicate the claimant reported that her current medication regimen provides reasonable control and increased mobility.

(Tr. at 16-17) (citations omitted). The ALJ considered the very medical evidence that Plaintiff contends is omitted from the analysis. Furthermore, the medical records reflecting

8

Plaintiff's improvement in pain and function date from September 2016, whereas Dr. Chahin's opinion dates from a year and a half prior.

While Plaintiff disagrees with the ALJ's allocation of weight, it cannot be said that the ALJ failed to mention her history of lymphoma and hyperpathia. It is not for the Court to reweigh the evidence or substitute its opinion for that of the ALJ. *Craig v. Chater*, 76 F.3d 585, 589 (4th Cir. 1996). After a thorough review of the record and consideration of the Parties' arguments, the Court concludes the Magistrate Judge did not err in finding that the ALJ's decision comports with the applicable legal standard and is supported by substantial evidence.

### B. Subjective Complaints

Plaintiff next contends that the ALJ rejected her statements of subjective pain without explanation and that, to the extent he rejected her statements solely because she did not appear at the hearing, such a basis is improper. Plaintiff completed a function report on May 2, 2014, in which she indicated difficulty with physical activity such as lifting, squatting, reaching, and sitting, on account of pain. In that report, Plaintiff wrote that she prepares only simple meals, such as soup, cereal, and frozen meals. She stated she performs no housework. Plaintiff also completed a pain questionnaire dated April 2, 2014, in which she reported pain in her left breast, shoulder, and arm. She described the pain as sharp and rated it as an 8 out of 10. Plaintiff reported that she is able to walk 100 feet at most, stand 30 minutes at a time, and sit 30 minutes at a time.

The court applies a two-step process to a claimant's complaints of pain. *Craig*, 76 F.3d at 594. First, there must be "objective medical evidence showing the existence of a medical impairment(s) which results from anatomical, physiological, or psychological

abnormalities and which could reasonably be expected to produce the pain or other symptoms alleged." *Id.* (citations omitted). Once that threshold is met, the ALJ must evaluate "the intensity and persistence of the claimant's [symptoms] and the extent to which it affects her ability to work." *Id.* The ALJ's decision "must contain the specific reasons for the weight given to the individual's symptoms, be consistent with and supported by the evidence, and be clearly articulated so the individual and any subsequent reviewer can assess how the adjudicator evaluated the individual's symptoms." Social Security Ruling 16-3p, 2017 WL 5180304, at *10 (Oct. 25, 2017).

Consistent with the governing law, the ALJ determined at step one that Plaintiff's "medically determinable impairments could reasonably be expected to cause the alleged symptoms." (Tr. at 16). The ALJ then determined, however, that Plaintiff's "statements concerning the intensity, persistence and limiting effects of these symptoms are not entirely consistent with the medical evidence and other evidence in the record . . . ." *Id.* As the Magistrate Judge noted, the ALJ arrived at his decision by comparing Plaintiff's statements of pain and limitations as set forth in the report and questionnaire she completed with the remainder of the medical record. (Tr. at 16-17). The ALJ summarized Plaintiff's successful treatments for cancer and neuropathy and determined that although Plaintiff has "severe impairments that limit her" and which "singly or in combination may cause pain or other difficulty," the RFC as described "gives adequate weight to the facts as determined to be consistent with the evidence." (Tr. at 17). The Magistrate Judge observed that "[t]he ALJ's discussion reflects not just consideration of objective medical evidence but also [Plaintiff's] subjective reports to her physicians as well as treatment methods and steps taken by [Plaintiff] as directed by her physicians." (ECF No. 21 at 12). The Magistrate Judge found

that the ALJ's evaluation of Plaintiff's subjective complaints is supported by substantial evidence and consistent with the governing law and, after careful consideration of the Parties' arguments and review of the record, the Court agrees.

## **CONCLUSION**

The Court finds that the Magistrate Judge properly summarized the facts and applied the correct principles of law. Accordingly, it is hereby **ORDERED** that the Magistrate Judge's Report (ECF No. 21) is adopted and specifically incorporated herein; Plaintiff's objections (ECF No. 22) are overruled; and the Commissioner's final decision is hereby affirmed.

**IT IS SO ORDERED.**

                                                  s/Bruce H. Hendricks
                                                  The Honorable Bruce H. Hendricks
                                                  United States District Judge

August 26, 2019
Charleston, South Carolina